JAMES M. KAMARA, Defendant Below-Appellant,
v.
WATCHEN NELSON and ANDRE DASTINOT, Plaintiffs Below-Appellees.
No. 448, 2009.
Supreme Court of Delaware.
Submitted: September 3, 2009.
Decided: September 25, 2009.
Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

ORDER
Randy J. Holland, Justice
This 25th day of September 2009, it appears to the Court that:
(1) On August 6, 2009, the Court received appellant James Kamara's notice of appeal from a Superior Court order, dated June 30, 2009, which entered a judgment in favor of plaintiffs following a bench trial. Pursuant to Supreme Court Rule 6, a timely notice of appeal should have been filed on or before July 30, 2009.
(2) The Clerk issued a notice pursuant to Supreme Court Rule 29(b) directing Kamara to show cause why the appeal should not be dismissed as untimely filed.[1] Kamara filed a response to the notice to show cause on August 25, 2009. He asserts that he formed a timely intention to appeal by hiring a lawyer, whom he does not identify, to pursue the appeal on his behalf. Kamara contends that, unbeknownst to him, the lawyer failed to file the appeal because his law license had expired. Kamara also contends that he mistakenly believed he had thirty days to file the appeal from the date he received the Superior Court's decision on July 13, 2009. He asks the Court to excuse his mistakes and permit his appeal to proceed.
(3) Time is a jurisdictional requirement.[2] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[3] An appellant's pro se status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4] Unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, his appeal cannot be considered.[5]
(4) There is nothing in the record to reflect that Kamara's failure to file a timely notice of appeal in this case is attributable to anyone but himself. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. Thus, the Court concludes that the within appeal must be dismissed.
NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rule 29(b), that the within appeal is DISMISSED.
NOTES
[1] Del. Supr. Ct. R. 6(a)(i).
[2] Carr v. State, 554 A.2d 778, 779 (Del.), cert. denied, 493 U.S. 829 (1989).
[3] Del. Supr. Ct. R. 10(a).
[4] Carr v. State, 554 A.2d at 779.
[5] Bey v. State, 402 A.2d 362, 363 (Del. 1979).